WILLIAM D. DAVAS          *          NO. 2023-CA-0090

VERSUS                    *          COURT OF APPEAL

LYNDON SAIA               *          FOURTH CIRCUIT

                          *          STATE OF LOUISIANA

                          *

                          *
          * * * * * * *

*RLB*

**BELSOME, J. CONCURS IN PART AND DISSENTS IN PART WITH REASONS.**

I concur in all respects with the majority regarding the exception of prescription. However, I would affirm the district court's ruling regarding the injunctive relief for the reasons below.

I agree with the majority that the manifest error rule applies as the proper standard of review in this case.[1] After both sides had rested and the matter was submitted, the trial judge made the following observations as the basis for his decision:

> After listening to all the evidence, it's readily apparent that the bamboo is extending over [appellee's] property and into [appellee's] property and had to be trimmed at the expense of the neighbor, which would be Mr. Saia.
>
> Now, the part about does "not interfere with the enjoyment," I think that's been shown that it does.
>
> …Now, one thing I also have found, based upon the testimony of Mr. Tubre as well as Mr. Sanders, that these bulbs of Emerald bamboo were probably planted too close to the fence. And if the clump is if it was mature or if it was still maturing, there has been intrusion into Mr. Davas's yard. Trial Tr. pp. 78-79, Oct. 18, 2022.

In reviewing the transcript, I find that there is ample evidence to support each of the trial judge's conclusions. Because the evidence showed that the bamboo was planted too close to the fence, and shoots were in fact sprouting in the

---

[1] *New Jax Condominiums Ass'n, Inc. v. Vanderbilt New Orleans, LLC*, 2016-0643, p. 13 (La. App. 4 Cir. 4/26/17), 219 So.3d 471, 481.

appellee's yard, it does appear that the only effective remedy is the removal of the bamboo.  Therefore, I would affirm the grant of the injunctive relief afforded by the district court.